**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 98-50778
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CR-360-ALL)

March 18, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

We must decide whether the district court judge properly afforded the appellant, Joel Hernandez, an opportunity to allocute before imposing sentence, as required by Federal Rule of Criminal Procedure 32(c)(3)(C). The district court's compliance with Rule 32(c)(3)(C) is a question of law subject to *de novo* review. *See United States v. Meyers*, 150 F.3d 459, 465 (5th Cir. 1998). Failure to comply with Rule 32(c)(3)(C) requires a remand for resentencing. *Id.*

In 1996, Hernandez pled guilty to possession with intent to distribute marijuana and was sentenced to twenty-one months in prison, followed by three years of supervised release. Shortly

---

[*] Pursuant to 5th Cir. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

after Hernandez began his supervised release term, the government filed a motion to revoke the supervised release, alleging that Hernandez had committed several violations of his release conditions. At a hearing on the motion, Hernandez admitted that the government's allegations were true. The district court revoked Hernandez's release and sentenced him to twenty-one months imprisonment.

On appeal, Hernandez argues that he was not afforded an opportunity to allocute at the hearing. According to Hernandez, the district court judge did not address him after revocation and immediately before sentencing. Although the judge asked Hernandez if he had anything to say to the court,[1] Hernandez maintains that the judge's comments did not inform him of his right to speak specifically about the mitigation of his sentence.

Federal Rule of Criminal Procedure 32(c)(3)(C) provides: "Before imposing sentence, the court must . . . address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence." FED R. CRIM. P. 32(c)(3)(C). To satisfy Rule 32(c)(3)(C) "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Meyers*, 150 F.3d at 462. A district court judge's failure to renew a previous offer of allocution does not violate Rule 32(c)(3)(C). *See United States v. Washington*, 44 F.3d 1271, 1277 (5th Cir. 1995).

After reviewing the record, we conclude that the district court judge addressed Hernandez personally and gave him an opportunity to "speak on any subject of his choosing prior to the imposition of sentence." *Meyers*, 150 F.3d at 462. We note that Hernandez admitted that he had violated the terms of his supervised release. The only issue in dispute at the hearing was the issue of sentencing. The district court judge asked Hernandez whether he had anything he wanted to say to the court, and then, after hearing from Hernandez's attorney, imposed sentence. On these facts, the

---

[1] The district court judge and Hernandez had the following exchange:
THE COURT: Mr. Hernandez, do you have anything you want to say to the Court?
THE DEFENDANT: Not at this time, your Honor.
THE COURT: I can't hear you.
THE DEFENDANT: Not at this time, your Honor.

district court judge satisfied the requirements of Rule 32(c)(3)(5).  Accordingly, we AFFIRM.